Kane Moon (SBN 249834)
Email: kmoon@moonlawgroup.com
Daniel J. Park (SBN 274973)
Email: dpark@moonlawgroup.com
Michael Citrin (SBN 335033)
Email: mcitrin@moonlawgroup.com
**MOON LAW GROUP, PC**
1055 W. Seventh St., Suite 1880
Los Angeles, California 90017
Telephone: (213) 232-3128
Facsimile: (213) 232-3125

Attorneys for Plaintiff Harmony Blossom

Robert D. Vogel (State Bar No. 063091)
Connie L. Chen (State Bar No. 275649)
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone: (213) 689-0404
Facsimile: (213) 689-0430
E-mail: robert.vogel@jacksonlewis.com
          connie.chen@jacksonlewis.com

Attorneys for Defendants
WALDORF=ASTORIA, LLC and WALDORF=ASTORIA MANAGEMENT, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARMONY BLOSSOM, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WALDORF ASTORIA EMPLOYER, LLC, a limited liability company; WALDORF ASTORIA MANAGEMENT, LLC, a limited liability company,  and DOES 1 through 10, inclusive,<br><br>Defendant. | CASE NO.: 2:23-cv-10510-MCS-PVC<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date:               February 26, 2024<br>Time:               10:00 AM<br>Courtroom:     7C<br><br>Complaint Filed:   November 6, 2023<br>Trial Date:           Not Set |

1

JOINT RULE 26(f) REPORT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Order Setting Scheduling Conference, Plaintiff HARMONY BLOSSOM ("Plaintiff") and Defendants WALDORF=ASTORIA EMPLOYER LLC and WALDORF=ASTORIA MANAGEMENT LLC (collectively "Defendants") (collectively, the "Parties") through their respective counsel of record, submit this Joint Rule 26(f) Report. Prior to submitting this report, counsel met and conferred and discussed the items required under the rules, and this report is submitted based on those discussions.

## I.   STATEMENT OF THE CASE

### Plaintiff's Position

Plaintiff filed this wage and hour putative class action on November 6, 2023, in the Superior Court for the County of Los Angeles (Case No. 23STCV27316). On December 14, 2023, Defendant filed an Answer alleging a number of affirmative defenses. On December 28, 2023, Defendant removed the action to the Central District of California. Counsel for the Parties participated in a conference pursuant to Rule 26(f) and Local Rule 26-1 on January 29, 2024.

Since July, 2017, Plaintiff has been employed by Defendant as an hourly non-exempt employee. Plaintiff alleges the following causes of action: (1) Failure to Pay Minimum Wages; (2) Failure to Pay Overtime Compensation; (3) Failure to Provide Meal Periods; (4) Failure to Authorize and Permit Rest Period; (5) Failure to Indemnify Necessary Business Expenses; (6) Failure to Timely Pay Final Wages at Termination; (7) Failure to Provide Accurate Itemized Wage Statements; and (8) Unfair Competition.

On November 5, 2023, Plaintiff provided written notice to the LWDA and Defendant pursuant to Labor Code § 2698 et seq. (the Private Attorneys General Act of 2004 ("PAGA"). The sixty-five day notice period expired on or about January 9, 2024 and the LWDA did not take any action to investigate or prosecute this matter.

1    Having exhausted the statutory time period to bring this action, Plaintiff intends to

2    amend the Complaint to address the PAGA claim.

3        Defendant has employed Plaintiff as a server since approximately July, 2017

4    to the present, primarily in Los Angeles County.  Defendant classified Plaintiff as

5    non-exempt from overtime. During the time period that Plaintiff was employed by

6    Defendant, Plaintiff typically worked 5 to 6 days per week, and in excess of 8 hours

7    each workday.

8        Throughout Plaintiff's employment, Defendant committed numerous labor

9    code violations under state law. As examples of the alleged Labor Code violations,

10   Plaintiff alleges she was not compensated for all hours worked ("off-the-clock"

11   work), did not receive timely, uninterrupted meal and rest breaks, and was not

12   reimbursed for necessary business expenses.

13       Plaintiff seeks to represent a class of "[a]ll persons who worked for any

14   Defendant in California as an hourly, non-exempt employee at any time during the

15   period beginning four years before the filing of the initial complaint in this action and

16   ending when notice to the Class is sent. [(the "California Class")]".

17       Plaintiff seeks the following relief (1) unpaid overtime wages; (2) unpaid meal

18   period premiums; (3) unpaid rest period premiums; (4) unpaid minimum wages; (5)

19   waiting time penalties for final wages not timely paid; (6) statutory penalties for non-

20   complaint wage statements; (7) unreimbursed business expenses; and (8) civil

21   penalties pursuant to PAGA

22   **Defendants' Position**

23       Defendants deny all of Plaintiff's allegations and assert that they have

24   complied with the California Labor Code all applicable laws. Defendants contend

25   that, throughout the relevant time period, Plaintiff and the employees she seeks to

26   represent received all compensation to which they were entitled and were provided

27   with meal periods and rest periods in accordance with California law. As such,

28

3

Plaintiff's direct and derivative claims are without merit. Defendants deny that Plaintiff or any individual she seeks to represent is entitled to any of the recovery sought in the Complaint. Defendants further deny that this action is amenable to class treatment because Plaintiff cannot demonstrate the requisite elements for class certification and Plaintiff will not be able to manageably prosecute this action on a class or PAGA representative basis, in part because the putative class members and alleged aggrieved employees held many different positions, worked within many different departments, and reported to many different supervisors and managers. Thus, individualized facts predominate. Defendants assert that Plaintiff's claims are additionally barred in whole or in part to the extent the employees Plaintiff seeks to represent executed binding arbitration agreements with class and representative action waivers. Defendants also deny that Plaintiff is an appropriate representative for any class, subclass, or the alleged aggrieved employees she seeks to represent.

## II.    SUBJECT MATTER JURISDICTION

On December 28, 2023, Defendants invoked this Court's jurisdiction pursuant to provisions of 28 U.S.C. §§ 1332, 1441, and 1446, and removed this action from the Superior Court of California for the County of Los Angeles based on the Class Action Fairness Act of 2005 ("CAFA"). (Dkt. No. 1).

Defendants maintain that the Court properly has jurisdiction over Plaintiff's claims under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332 *et seq*.

## III.    LEGAL ISSUES IN THE CASE

### Plaintiff's Position

The following summarizes the disputed points of law in this case: (1) whether Defendant failed to pay wages for all hours worked at minimum wage; (2) whether Defendant failed to pay overtime wages for all overtime hours worked; (3) whether Defendant failed to authorize or permit meal periods of not less than thirty (30)

minutes or pay meal period premium wages; (4) whether Defendant failed to authorize or permit rest periods of a net ten (10) minutes or pay rest period premium wages; (5) whether Defendant failed to reimburse for necessary business expenses; (6) whether Defendant failed to provide complete and accurate wage statements; (7) whether Defendant failed to timely pay all wages due upon separation of employment; (8) whether Defendant committed unlawful business acts or practices; and (9) whether class certification is appropriate.

**Defendants' Position**

The key legal issues in this action are likely to include: (1) the impact of other pending actions asserting overlapping claims, including whether this action should be deemed related or consolidated with *Amaro v. Waldorf Astoria Management, LLC*, C.D. Cal. Case No. 2;24-cv-00139-MEMF-JC (identified on Defendants' Notice of Related Cases – Doc. No. 5) or stayed pending resolution of that matter; (2) whether Plaintiff's claims are suitable for class treatment under Federal Rule of Civil Procedure 23; (3) whether Plaintiff's PAGA and class claims are manageable; (4) the impact of the arbitration agreements entered into by putative class members and the alleged aggrieved employees Plaintiff seeks to represent; (5) whether Plaintiff and those she seeks to represent are entitled to recover any monetary damages and, if so, in what amount; (6) whether there is any basis to award injunctive/restitutionary relief; and (7) whether Plaintiff and those she seeks to represent are entitled to recover any civil or statutory penalties and, if so, in what amount. Defendants do not anticipate any unusual substantive, procedural or evidentiary issues at this time.

**IV.    PARTIES, EVIDENCE, ETC.**

**a.  Plaintiff's Statement:**

Defendant owns and operates an industry, business, and establishment within the State of California, including Los Angeles County.  As such, Defendant is subject to the California Labor Code and the Wage Orders issued by the Industrial Welfare

Commission ("IWC").

Defendant has employed Plaintiff as a server since approximately July, 2017 to the present, primarily in Los Angeles County. Defendant classified Plaintiff as non-exempt from overtime. During the time period that Plaintiff was employed by Defendant, Plaintiff typically worked 5 to 6 days per week, and in excess of 8 hours each workday. Throughout Plaintiff's employment, Defendant committed numerous labor code violations under state law. As examples of the alleged Labor Code violations, Plaintiff alleges she was not compensated for all hours worked ("off-the-clock" work), did not receive timely, uninterrupted meal and rest breaks, and was not reimbursed for necessary business expenses.

At this time, Plaintiff does not anticipate additional parties to be joined in this action. If discovery reveals the need to add any additional named plaintiffs, Plaintiff reserves her right to add new parties.

Plaintiff is agreeable to a *Belaire-West* notice process approved in *Belaire-West Landscape, Inc. v. Superior Court*, (2007) 149 Cal. App. 4th 554, 561. Plaintiff will further meet and confer in order to choose a third-party administrator. Plaintiff will agree to split the cost equally.

### b. Defendants' Statement:

Parties: Defendants do not anticipate the addition of additional parties at this time. Defendants refer the Court to its Corporate Disclosure Statement (Doc. No. 3) and Notice of Interested Parties (Doc No. 4) for conflicts purposes.

Witnesses: Depending upon the scope of claims remaining after mediation, Defendants anticipate that witnesses are likely to include Plaintiff, putative class members, and alleged aggrieved employees; Plaintiff's managers and supervisors and, if this case proceeds on a class or representative basis, managers and supervisors of the employees Plaintiff is seeking to represent; corporate representatives with knowledge of Defendants' policies and practices; and experts. Investigation and

discovery are ongoing and, as Plaintiff articulates the basis for her claims in more detail, Defendants expect that additional witnesses may be identified.

Documents: Depending upon the scope of claims remaining after mediation, Defendants anticipate that relevant documents are likely to include written policies, arbitration agreements, collective bargaining agreements, personnel records, and time and pay records.  Investigation and discovery are ongoing and, as Plaintiff articulates the basis for her claims in more detail, Defendants expect that additional documents may be identified.

## V.    DAMAGES AND INSURANCE

### a.  Damages

**Plaintiff's Position**

Plaintiff and the putative class seek unpaid wages, penalties, and injunctive relief. Plaintiff and the putative class also seek statutory attorneys' fees and recoverable costs, which cannot be computed at this time as litigation is ongoing. Plaintiff is not able to estimate the damages at this time since Plaintiff does not know the size of the putative class and have not been provided with the putative class members' timecards. Plaintiff asserts that once liability is determined, the damages can be calculated by analyzing the timecards as well as surveys to determine the unpaid wages.

**Defendants' Position**

Defendants deny that Plaintiff nor the employees she seeks to represent are entitled to any damages or penalties whatsoever. Defendants hve complied with all applicable wage and hour laws to date.

### b.  Insurance

There is no insurance coverage for the claims alleged in this lawsuit.

## VI.   ANTICIPATED MOTIONS

JOINT RULE 26(f) REPORT

### a. Plaintiff's Statement:

Plaintiff anticipates preparing and filing a Motion for Class Certification upon completion of reasonable discovery on class certification issues.

### b. Defendants' Statement:

If this matter is not resolved at mediation, Defendants reserve the right to file a motion for summary judgment and/or partial summary judgment, and anticipate opposing any motion for class certification and motion practice regarding the manageability of Plaintiff's PAGA claim and regarding the arbitration agreements and class action waivers entered into by putative class members and the alleged aggrieved employees Plaintiff seeks to represent. At this time, Defendants do not anticipate filing any motions to add other parties or claims, amend any pleadings, or transfer venue.

## VII.   DISPOSITIVE MOTIONS

### a. Plaintiff's Statement:

Plaintiff filed a remand motion on January 22, 2024.

### b. Defendant's Statement:

Defendants filed their Opposition to Plaintiff's remand motion on February 5, 2024 (Doc. Nos. 13 and 13-1). Defendants reserve the right to file a motion for summary judgment or adjudication. Defendants will also oppose any dispositive motion by Plaintiff. Defendants do not believe that dispositive motions should be limited in any way.

## VIII.   MANUAL FOR COMPLEX LITIGATION

### a. Plaintiff's Statement:

The Parties believe this case is complex. The Parties do not believe that any of the procedures from the Manual for Complex Litigation need to be used in this action.

## IX.   DISCOVERY

8

JOINT RULE 26(f) REPORT

CASE NO.: 2:23-cv-10510-MCS-PVC

### a. Status of Discovery

The Parties have agreed to early mediation and propose that formal discovery be stayed until after mediation is completed. If discovery is not stayed pending mediation, the Parties agree to serve their Fed. R. Civ. P. 26 Initial Disclosures by March 18, 2024. The Parties do not anticipate needing any further changes to the disclosures, other than a mutual extension if needed.

### b. Discovery Topics

The Parties have agreed to early mediation and propose that formal discovery be stayed until after mediation is completed. In *Amaro*, the parties have similarly agreed to a pre-mediation exchange of information and to postpone further discovery. Given the overlap between *Amaro* and this action, it is likely that—if mediation is unsuccessful—discovery as to any remaining claims would involve many of the same issues and require coordination and/or consolidation.

Neither the scope of Plaintiff's remaining claims nor the degree of appropriate coordination or consolidation with *Amaro* can be known until after mediation is completed. The Parties are in the process of scheduling a joint mediation and anticipate having a firm mediation date by the February 26, 2024 Scheduling Conference. Accordingly, the Parties respectfully request the Court defer issuing a Scheduling Order on February 26, 2024 and schedule a post-mediation status conference, at which time the Parties can provide a post-mediation update and provide a more detailed and specific discovery plan.

If discovery is not stayed pending mediation, the Parties believe that discovery taken in advance of class certification should be limited to the issues involved in class certification.

1. Plaintiff's Statement

JOINT RULE 26(f) REPORT

CASE NO.: 2:23-cv-10510-MCS-PVC

Plaintiff will serve written discovery, consisting of Interrogatories, Requests for Admission and Requests for the Production of Documents. Plaintiff may need to conduct additional discovery on class certification issues that go towards ascertainability, numerosity, commonality, superiority, and typicality. After receiving Initial Disclosures and responses to initial written discovery, Plaintiff anticipates setting the deposition of the 30(b)(6) corporate witness(es) knowledgeable about Defendant's employment practices related to hourly and overtime wage compensation, recording of time worked, rest break and meal period policies and procedures, business expense reimbursement, information concerning wage statements and policies for payment of wages due at termination of employment. Based on the designees' testimonies, Plaintiff my conduct subsequent depositions on related topics and/or individuals, including putative class members.

### 2. Defendant's Statement:

Once class certification discovery begins, Defendants will serve written interrogatories and requests for production of documents, and take Plaintiff's deposition. Discovery in this phase of the case would focus on the basis for Plaintiff's class and representative claims, as well the production of any supporting documents in Plaintiff's possession, custody, or control. To the extent Plaintiff's anticipated motion for class certification depends upon the testimony of any other putative class members or witnesses, Defendants anticipate taking some or all of their depositions. Expert discovery may also be necessary, depending upon the nature of the claims Plaintiff seeks to certify and how she intends to demonstrate their certifiability.

### c. Limitations on Discovery

If discovery is not stayed pending mediation, the Parties are agreeable to the discovery limitations set forth in the Federal Rules of Civil Procedure, except that once the scope of any post-mediation claims is known and discovery begins, the

JOINT RULE 26(f) REPORT

CASE NO.: 2:23-cv-10510-MCS-PVC

Parties agree that if either side submits declarations with the class certification briefing, then the Parties will meet and confer regarding a reasonable number of such declarants in addition to the number of depositions permitted under the Federal Rules of Civil Procedure. The Parties will meet and confer regarding reasonable limitations as to time and location with respect to such declarant depositions.

### d. Order of Discovery

If discovery is not stayed pending mediation, the Parties are agreeable to bifurcated discovery with the first phase focused on class certification and Plaintiff's employment ("Pre-Certification Discovery"), and if the putative class in this action is certified, the second phase will focus on the merits of Plaintiff's class claims ("Post-Certification Discovery").

### e. Discovery Cutoff

If discovery is not stayed pending mediation, the Parties believe that there should be initially only a deadline for completion of pre-certification discovery. The Parties propose that pre-certification non-expert discovery be completed by January 2025.

### f. Expert Discovery

If discovery is not stayed pending mediation, the parties believe that expert disclosures should be initially related only to class certification, and that initial disclosures be made by November 22, 2024, with rebuttal disclosures made by December 16, 2024.

## X.   SETTLEMENT AND ADR

### a. Prior Settlement Discussions

There have been no settlement discussions between the Parties beyond discussion of early mediation.

### b. ADR Procedures

The Parties have agreed to early private mediation and propose that formal

11

discovery be stayed until after mediation is completed.  The Parties are in the process of scheduling private mediation and anticipate having a firm mediation date by the February 26, 2024 Scheduling Conference.

**XI.    Trial Estimate**

**Plaintiff's Position**

Plaintiff has demanded a trial by jury.  Defendants contend that any claims under Business and Professions Code section 17200 and PAGA must be tried to the Court.

Given the uncertainty about which claims, if any, will remain following mediation and the impact of the *Amaro* litigation on Plaintiff's claims, the Parties cannot provide an accurate trial estimate or trial setting date until after mediation, and if the mediation is unsuccessful, until after the Court rules on Plaintiff's anticipated class certification and any potential summary judgment motions. The Parties propose that after mediation and the Court's decision on class certification, the Court hold a further status conference to determine what additional discovery may be needed, as well as the scope of trial. At this juncture, however, and for the purposes of complying with the Court's Order Setting Scheduling Conference, the Parties provide the following preliminary estimates/dates:

- If no class is certified, the Parties anticipate trial taking approximately 7-14 days.
- If a class is certified, the Parties anticipate trial taking at least 30 court days, multiple expert witnesses, and at least 20 fact witnesses per side.

**a.  Trial Counsel**

Plaintiff's trial counsel will include Kane Moon, Daniel J. Park, Michael Citrin of MOON LAW GROUP, PC

Defendants' trial counsel will include Robert D. Vogel and Connie L. Chen of Jackson Lewis P.C.

## XII.    INDEPENDENT EXPERT OR MASTER

The Parties do not believe at this time that the Court needs to appoint a master pursuant to Rule 53 or an independent scientific expert.

## XIII.    PROPOSED SCHEDULE

See attached Schedule Worksheet.

Dated:  February 12, 2024                              **MOON LAW GROUP, PC**

By:     /s/ *Daniel J. Park*
                                                                          Kane Moon
                                                                          Daniel J. Park
                                                                          Michael Citrin
                                                                          Attorneys for Plaintiff

Dated:  February 12, 2024                              **JACKSON LEWIS P.C.**

By:     /s/ *Connie L. Chen*
                                                                          Robert D. Vogel
                                                                          Connie L. Chen
                                                                          Attorneys for Defendants

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4889-9366-6213, v. 1

14